UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

JANE DOE,

    Plaintiff,

v.                                                                                          Case No.

FITNESS INTERNATIONAL, LLC, d/b/a LA Fitness,

    Defendant.
_____

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND TO FILE AN UNREDACTED COPY OF THE COMPLAINT UNDER SEAL

In October 2024, Plaintiff Jane Doe[1] was showering in the women's locker room of the Hyattsville, Maryland LA Fitness, which is owned and operated by Defendant Fitness International, LLC, d/b/a LA Fitness ("LA Fitness"), when she looked down and saw an unknown man watching her shower and holding a black object—likely a cell phone he was using to record her from a vantage point that provided a clear line of sight to her breasts and genitals. (Compl. ¶ 2.) The man, Taty Tshikundi, was a well-known repeat offender at LA Fitness's Hyattsville location and other LA Fitness locations in the Washington, D.C. area and had taken "the exact same actions" toward a woman in the same LA Fitness locker room months earlier. (*Id.* ¶¶ 4, 32.) Plaintiff fled the locker room and immediately reported the incident to LA Fitness staff, begging them to pull the security footage to catch the perpetrator. (*Id.* ¶ 12.)

Despite knowledge of the prior similar incident, and despite Plaintiff immediately informing LA Fitness that the man likely remained in the club and presumably had naked photos

---

[1] Plaintiff's true name is contained in the unredacted copy of the Complaint.

and/or videos of her, LA Fitness took no action—refusing to even pull the security footage, despite the insistence of Plaintiff and later the police—and Tshikundi left the club. (*Id.* ¶ 13.) And even though it possessed Tshikundi's name, home address, and other biographical information, LA Fitness took no further action and did not alert Plaintiff or law enforcement of Tshikundi's identity or his repeat-offender status until Plaintiff returned to the club nine days later and called the police from the front desk. (*Id.* ¶ 22.) Only then did LA Fitness inform the police not only that it knew Tshikundi's identity but that another female patron also reported him for spying on and recording her in the shower in July 2024. (*Id.*)

During these nine days, Tshikundi likely possessed—and potentially distributed or posted online—nude images and/or videos of Plaintiff. (*Id.* ¶ 62.) For two days following the incident, Plaintiff could not sleep because of the overwhelming fear and anxiety she experienced due to unrelenting thoughts over what Tshikundi might be doing with the nude photographs and/or videos he may have taken of her. (*Id.* ¶ 63.) And her fear that Tshikundi will revictimize her or that she will be spied on or recorded in a similar fashion by other men in restrooms or locker rooms persists to this day. (*Id.* ¶ 91.)

To protect against the risks of harm she faces should her identity be publicly disclosed, Plaintiff now moves the Court to enter an Order permitting her to proceed under pseudonym, to file an unredacted copy of the Complaint with her true name under seal pursuant to Local Rule 105.11, and requiring the parties in this lawsuit to redact any identifying information concerning Plaintiff from any documents publicly filed in this matter.

## **STANDARD OF REVIEW**

While Federal Rule of Civil Procedure 10(a) requires a civil complaint to "name all the parties," district courts, in their discretion, may allow litigants to proceed under pseudonym

2

because "privacy or confidentiality concerns are sometimes sufficiently critical that parties or witnesses should be allowed this rare dispensation." *Doe v. Doe*, 85 F.4th 206, 210–11 (4th Cir. 2023) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). In deciding whether "exceptional" circumstances warrant permitting a litigant to proceed under pseudonym, the district court must balance "the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Doe v. Pub. Citizen*, 749 F.3d 246, 273–74 (4th Cir. 2014).

To aid district courts in this determination, the Fourth Circuit has created a list of five non-exhaustive factors to consider:

1. "Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature";

2. "Whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties";

3. "The ages of the persons whose privacy interests are sought to be protected";

4. "Whether the action is against a governmental or private party"; and

5. "The risk of unfairness to the opposing party from allowing an action against it to proceed anonymously."

*Id.* (quoting *James*, 6 F.3d at 238) (cleaned up).

## ARGUMENT

### I. Exceptional Circumstances Warrant Permitting Plaintiff to Proceed Under Pseudonym While Filing an Unredacted Complaint Containing her Name Under Seal

Plaintiff is filing this lawsuit to seek accountability and redress for having had her privacy violated in an intimate setting and under circumstances that would likely cause anyone

3

significant trauma, as it has with Plaintiff. Plaintiff's trauma was compounded by the fact that the perpetrator who spied on her while she showered also likely photographed and/or recorded her and then, as a result of LA Fitness's negligence, left the facility and took with him any images or videos of Plaintiff he had surreptitiously captured. Requiring Plaintiff to bring this suit in her true name would risk further compounding Plaintiff's trauma because it would force Plaintiff to publicly associate herself with the incident and increase the risk that any videos or images of her that the perpetrator posts online are connected back to her by name.

As such, and as further detailed below, the pseudonymity factors favor allowing Plaintiff to proceed under pseudonym in this case.[2] This sexual misconduct matter is of a sensitive and highly personal nature, Plaintiff faces a risk of retaliatory physical and mental harm if her identity is revealed, and LA Fitness faces no prejudice from Plaintiff proceeding under pseudonym as it already knows her identity and, in any event, will have access to it because Plaintiff will be filing an unredacted copy of the Complaint containing her true name under seal.[3]

> **A.** **Plaintiff's Request to Proceed Under Pseudonym is to Preserve Privacy in a Sexual Misconduct Case, Which is a Matter of Sensitive and Highly Personal Nature**

---

[2] As Plaintiff seeks leave to file an unredacted copy of the Complaint under seal so that LA Fitness has access to Plaintiff's true name, Plaintiff submits that the "proposed reasons supported by specific factual representations to justify the sealing" and "explanation why alternatives to sealing would not provide sufficient protection," as required in a motion to seal under Local Rule 105.11, fully overlap with the analysis of Plaintiff's pseudonymity. This Court has granted a motion to seal an unredacted complaint when the accompanying motion to proceed under pseudonym is granted. *See Doe v. Choice Hotels Int'l, Inc.*, Civ. Action No. 24-3776, 2025 U.S. Dist. LEXIS 91381, at *8 (D. Md. May 14, 2025) (granting motion to seal an unredacted complaint after granting a motion to proceed under pseudonym without additional legal standard or analysis).

[3] Plaintiff concedes that factors three and four disfavor pseudonymity as Plaintiff is an adult, and this action is against a private party. However, the other three factors strongly favor allowing Plaintiff to proceed under pseudonym.

The first factor requires that a plaintiff is seeking pseudonymity to "preserve privacy in a matter of sensitive and highly personal nature," rather than "merely to avoid the annoyance and criticism that may attend any litigation." *James*, 6 F.3d at 238. As this Court has uniformly recognized, "[t]his factor is generally satisfied in cases involving sexual misconduct." *Doe v. Choice Hotels Int'l, Inc.*, Civ. Action No. 24-3776, 2025 U.S. Dist. LEXIS 91381, at *4 (D. Md. May 14, 2025) (collecting cases); *Doe v. Bd. of Educ.*, Civil No. 1:25-cv-01703, 2025 U.S. Dist. LEXIS 127603, at *3 (D. Md. July 7, 2025) ("Courts have found that allegations involving sexual misconduct satisfy this factor.") (collecting cases); *J.A. v. Abreu*, Civ. No. 1:23-cv-02922, 2024 U.S. Dist. LEXIS 75227, at *3 (D. Md. Apr. 25, 2024) (same).

Here, this case involves sexual misconduct, and, thus, this factor favors allowing Plaintiff to proceed under pseudonym. Plaintiff alleges that she was spied on and likely recorded by a man while she was naked in the shower. (Compl. ¶ 21.) She also alleges that these images and videos of her could still be in that man's possession and/or could have already been distributed online or elsewhere by him. (*Id.* ¶ 62.) As is generally true in cases involving sexual misconduct, Plaintiff seeks pseudonymity to preserve her privacy rather than avoid annoyance and criticism. Therefore, this factor heavily favors allowing her to proceed under pseudonym.

### B. Plaintiff Would Face a Risk of Retaliatory Physical and Mental Harm if She Were Required to Proceed Under her True Name

When there is "a risk of retaliatory physical or mental harm" to the party seeking pseudonymity, the second factor favors allowing a party to proceed under pseudonym. *James*, 6 F.3d at 238; *see Choice Hotels*, 2025 U.S. Dist. LEXIS 91381, at *5.

Here, Plaintiff alleges Tshikundi likely captured images and/or recorded her naked in the shower. (Compl. ¶ 21.) There is no telling without the benefit of third-party discovery (if even then) what he could have done—or still might do—with those images/videos of Plaintiff,

5

including distributing them to others or posting them online. Following the incident, Plaintiff could not sleep for two days due to the overwhelming fear and anxiety she experienced about what Tshikundi might be doing with nude photographs and/or videos he may have of her. (Compl. ¶ 63.) If images/videos of Plaintiff are, in fact, online or were or are distributed to others and Plaintiff's name is revealed, her identity could forever be tied to them, causing an immense risk of psychological—and potentially physical—harm. (*Id.*); *see Doe v. Univ. of Md. Med. Sys. Corp.*, No. 24-3776, 2024 U.S. Dist. LEXIS 66982, at *7 (D. Md. April 12, 2021) ("[T]here is a risk of retaliatory or mental harm where a plaintiff 'may face psychological harm from having [her] sensitive experience made permanently available to anyone with Internet access.'") (quoting *E.E.O.C. v. Spoa, LLC*, No. Civ. 13-1615, 2013 U.S. Dist. LEXIS 148145, at *3 (D. Md. Oct. 15, 2013)); *Doe v. Sutton*, Case No. 4:23-cv-01312, 2025 U.S. Dist. LEXIS 51483, at *12 (E.D. Mo. Mar. 20, 2025) (granting pseudonymity and reasoning that "the use of pseudonyms is the only way to protect [the plaintiffs] from being publicly linked" to sexual images of themselves). That is particularly true because Plaintiff has a public-facing career as a secondary school educator, where she works with children and could also face significant professional consequences if her identity is linked to any images or videos Tshikundi may have taken of her in the LA Fitness locker room shower. (Compl. ¶ 26.)

Further, Tshikundi likely does not yet know Plaintiff's identity, as there currently are no criminal charges pending against Tshikundi in connection with the incident, despite the fact that Plaintiff filed a criminal complaint following the incident. (*Id.* ¶ 81.) Revealing Plaintiff's name in this lawsuit would give Tshikundi access to that information, enabling him to seek revenge by exposing her name alongside any videos or photographs of her that he shares on the internet.

### C.  LA Fitness Would Not Be Prejudiced if Plaintiff Is Permitted to Proceed Anonymously Because it Knows Plaintiff's True Identity

The final factor is whether the defendant faces a risk of prejudice or unfairness if the Court allows the plaintiff to proceed under pseudonym. *James*, 6 F.3d at 238. As this Court has recognized, when a defendant knows a plaintiff's identity and is "fully capable of investigating and responding to her allegations," a defendant faces no risk of unfairness by a plaintiff proceeding under pseudonym. *Univ. of Md.*, 2024 U.S. Dist. LEXIS 66982, at *9 (citing *Spoa*, 2013 U.S. Dist. LEXIS 148145, at *3).

Here, LA Fitness faces no risk of unfairness or prejudice in investigating and responding to the allegations against it if Plaintiff is proceeding under pseudonym because it already knows Plaintiff's identity. Plaintiff was a member of LA Fitness, made a report with LA Fitness concerning the incident using her real name, and, through this motion, is also seeking leave to file an unredacted copy of the Complaint that contains her true name under seal. Further, Plaintiff would also agree to stipulate to protective orders and other mechanisms as may be necessary during the discovery phase to permit LA Fitness to seek relevant records and materials concerning Plaintiff, while protecting her identity from public disclosure, to allow LA Fitness to fully engage in discovery unencumbered by the fact that Plaintiff is proceeding under pseudonym. *See Spoa*, 2013 U.S. Dist. LEXIS 148145, at *16 (approving another court's reasoning that "the plaintiffs' offers to stipulate to protective orders provided the defendants with an opportunity for meaningful discovery") (citing *EEOC v. ABM Indus. Inc.*, 249 F.R.D. 588, 594–95 (E.D. Cal. 2008)). Accordingly, as there is no prejudice or risk of unfairness to LA Fitness in Plaintiff proceeding under pseudonym, this factor strongly favors allowing Plaintiff to proceed under pseudonym.

**CONCLUSION**

For the above-stated reasons, Plaintiff respectfully asks this Court to allow her to proceed in this action under pseudonym and to file an unredacted copy of the Complaint under seal.

Date:   September 15, 2025

Respectfully submitted,

/s/ Douglas E. Fierberg
Douglas E. Fierberg
(SBN 8812150199; D.Md. Bar No. 07991)
Jonathon N. Fazzola*
Jacob R. Goodman*
The Fierberg National Law Group, PLLC
201 East 17th Street, Suite A
Traverse City, MI 49684
Telephone: (231) 933-0180
Fax: (231) 252-8100
dfierberg@tfnlgroup.com
jfazzola@tfnlgroup.com
jgoodman@tfnlgroup.com
*Pro hac vice motion forthcoming

Jason Kisner
(SBN 1402060005; D.Md. Bar No. 22338)
Kisner Law, LLC
8401 Corporate Dr., Suite 650
Hyattsville, MD 20785
Telephone: (240) 459-0097
Fax: (240) 667-785
jason@jasonkisnerlaw.com

*Attorneys for Plaintiff Jane Doe*